UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RECEIVED
05 MAR -2 AM 8:21
CLERK U.S. DIST. COURT
ST. PAUL, MN

Civ. No.

Diane Carlson,
d/b/a "Yesterday's Chevy Parts",

      Plaintiffs,

vs.

National Chevy Association,
a Minnesota corporation, Rory Rhinebold
d/b/a Bob's Antiques, Michael Williams,
d/b/a Muscle Car Mike's, Jere Longrie and
Marian Longrie, d/b/a Longrie's Super Auto Stuff,
Fargo Automotive, Inc., a California corporation,
      Defendants.

CV05-447 ADM/AJB

COMPLAINT

---

Plaintiffs, Diane Carlson, d/b/a Yesterday's Chevy Parts, as for their complaint against Defendants, and each of them, hereby allege on personal knowledge of their own activities, or upon information and belief as to the activities of others, state and allege as follows:

## JURISDICTIONAL STATEMENT

1.    Jurisdiction is proper in this case pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States of America, 15 U.S.C. § 1, as hereinafter more fully appears.

## PARTIES AND VENUE

2.    Plaintiff, Diane Carlson, d/b/a Yesterday's Chevy Parts, is an individual conducting business activities within the State of Minnesota. Plaintiff's principal place of business is located at 1105 Kingsford Street, Saint Paul, Minnesota.

SCANNED
MAR 01 2005
U.S. DISTRICT COURT ST. PAUL

3.  Defendant National Chevy Association is a domestic business entity registered and authorized to conduct business activities within the State of Minnesota. Defendants' principal place of business is located at 947 Arcade Street, Saint Paul, Minnesota.

4.  Defendant Rory Rhinebold, d/b/a Bob's Antiques, is an individual residing in the State of California. Upon information and belief, Defendant Rhinebold is the owner and operator, at least in part, of Bob's Antiques in Gardena, California. Defendant Rhinebold's principal place of business is located at 1531 West 132nd Street, Gardena, CA 90249. Defendant Rhinebold has a systematic and continuous contact with the State of Minnesota through his business operations and his antitrust violations with the other defendant's has caused damages within the State of Minnesota.

5.  Defendant Michael Williams, d/b/a Muscle Car Mike's, is an individual residing in the State of California. Upon information and belief, Defendant Williams is the owner and operator, at least in part, of Muscle Car Mike's in Rialto, California. Defendant Williams's principal place of business is located at 940 South Willow, Rialto, CA 92376. Defendant William's has systematic and continuous contacts with the State of Minnesota through his business operations and his antitrust violations with the other defendant's has caused damages within the State of Minnesota.

6.  Defendant's Jere Longrie and Marian Longrie, d/b/a Longrie's Super Auto Stuff, are individuals residing in the State of Minnesota. Upon information and belief, Defendant's are the owners and operators, at least in part, of Longrie's Super Auto Stuff in Grand Rapids, Minnesota. Defendant's principal place of business is located at 3651 Highway 38, Grand Rapids, Minnesota, 55744.

7. Defendant Fargo Automotive is an active corporation incorporated under the laws of the State of California. Defendant's principal place of business is located at 403 West Brenna Lane, Orange, California 92867. Defendant Fargo Automotive has systematic and continuous contacts with the State of Minnesota through their business operations and their antitrust violations with the other defendant's has caused damages within the State of Minnesota.

8. Venue is appropriate in the District of Minnesota pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions took occurred in the State of Minnesota and because the antitrust violations caused damages within the State of Minnesota.

## FACTS

9. Plaintiff, Diane Carlson, d/b/a Yesterday's Chevy Parts, was an employee of Defendant, National Chevy Association, from May 2003 to June 2004. In June 2004, Plaintiff decided to begin operating her own business, "Yesterday's Chevy Parts" and quit her position with National Chevy.

10. Plaintiff had contacted several vendors when she began her new business and they had told her they would be able to supply her with orders for automotive parts as she needed them.

11. In August 2004, at the Auto Show in St. Cloud, MN, Plaintiff set up a booth for her new business. One of the owners of Defendant National Chevy, Paul Nimis, approached Plaintiff at the Auto Show about suspicions that she had stolen parts and vendor lists from Defendant National Chevy before Plaintiff has left. Nimis was very confrontational and called Plaintiff a "thief" in front of several potential customers at the show.

12. In August 2004, Plaintiff contacted several vendors to order parts for her business Yesterday Chevy Parts. During these conversations, Plaintiff was told that Defendant National Chevy Association had contacted these vendors and told them not to do business with her.

13. Specifically, Plaintiff spoke with Defendant Rory Rhinebold of Bob's Antiques, who told her that he could not sell her the parts she needed because he had a friendship with Defendant National Chevy and had been asked by Defendant National Chevy not to do business with Plaintiff.

14. Plaintiff also spoke to Defendant Michael Williams of Muscle Car Mike's, who told her that he would not sell her any parts because of "legal stuff" that was going on between Plaintiff and Defendant National Chevy.

15. Plaintiff was told by Lisa Longrie, Sales Manager of Longrie's Super Auto Stuff, that the owners of Longrie's Super Auto Stuff, Defendants Jere Longrie and Mariane Longrie, told her that Defendant National Chevy's agents had called and talked to them, and that as a result they would not be doing any business with Plaintiff.

16. Finally, Plaintiff spoke to the manager at Defendant Fargo Automotive who, after taking her business information and sending her a catalog from which to order, told Plaintiff that Defendant National Chevy's agent had called them, and that they did not know if they would be able to sell her any parts.

17. From these conversations, Plaintiff understood that Defendant threatened to stop ordering from these vendors if they continued to do business with her. Such a threat carries much weight, as Defendant National Chevy has a near monopoly power in the Midwest for these types of auto parts.

18. Because of Defendant's actions, Plaintiff must order parts at a higher rate from other vendors. Also, Plaintiff fears that if Defendant National Chevy learns the identities of these vendors, it will again use its monopoly power to destroy her business relationships with those who remain willing to do business with her.

## FEDERAL ANTI-TRUST CLAIM

19. By entering into the agreement referred above, Defendant's have entered into a conspiracy or combination to retain trade in per se violation of 15 USC § 1 *et seq.*, for which treble damages and attorney fees are available.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Ordering a money judgment and/or for exemplary damages against Defendants, National Chevy Association, Rory Rhinebold, d/b/a Bob's Antiques, Michael Williams, d/b/a Muscle Car Mike's, Jere Longrie and Marian Longrie, d/b/a Longrie's Super Auto Stuff, Fargo Automotive, Inc., jointly and severally, for violation of the Federal Antitrust laws in the amount to be determined at trial;

2. Ordering Injunctive Relief in favor of Plaintiffs ordering Defendants from interfering with Plaintiffs business in the future; and

3. Ordering costs, disbursements, and attorney fees in favor of Plaintiffs against the Defendants, jointly and severally.

5

Dated: January 31, 2005

WESTRICK & MCDOWALL-NIX, PLLP

_____
John G. Westrick, #206581
450 Degree of Honor Building
325 Cedar Street
St. Paul, MN 55101
Attorney for Plaintiff